UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH STRUTHERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-cv-7632 |
| MINOOKA COMMUNITY HIGH SCHOOL DISTRICT NO. 111; JAMES COLYOTT; and DARCIE KUBINSKI, | ) Judge John W. Darrah ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Sarah Struthers has filed a nine-count Complaint, alleging various federal and state claims based on her resignation as a special education teacher, against Defendants, Minooka Community High School District Number 111 ("the School District"), James Colyott, and Darcie Kubinski. Defendants have moved, separately, to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. For the reasons discussed below, the Motions are granted in part and denied in part.

## BACKGROUND

The following facts are drawn from the Complaint and are accepted as true for purposes of the Motions to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Struthers was employed as a special education teacher by the School District for the 2012-2013 and a portion of the 2013-2014 school years, until she resigned on September 13, 2014. (Compl. ¶¶ 9-11, 34). Colyott was the School District superintendent, and Kubinski was the School District principal, during the relevant times. (*Id.* ¶¶ 7-8.)

In March 2013, Struthers was informed that she was going to be subject to a reduction in force and terminated. After Struthers's union opposed the reduction in force, the School District informed Struthers that she was being terminated for receiving a bad evaluation, despite the recent positive evaluation she had received. Her union again met with the School District. It was determined that a mistake had been made and that Struthers was not being terminated. (*Id.* ¶¶ 13-15.)

In May 2013, Struthers was accused by Kubinski of assisting a student in cheating on a test. (*Id.* ¶ 16.) A written letter concerning the incident was issued to Struthers. (*Id.* ¶ 19.)

In June 2013, Struthers learned she was being transferred to the School's District's central campus without explanation for the move. (*Id.* ¶ 20.)

The following school year, on September 10, 2013, Struthers was again called to meet with Kubinski and, this time, was accused of engaging in drug and alcohol transactions with School District students, including a student whom Struthers employed as a babysitter for her minor child. (*Id.* ¶ 22.) Struthers vigorously denied these accusations. In addition to interviewing Struthers, Kubinski also interviewed the student-babysitter. (*Id.* ¶ 26.) By the following day, several of Struthers's colleagues had learned of the accusations. (*Id.* ¶ 27.)

On September 12, 2013, Struthers had another meeting with Kubinski and Colyott about the accusations. During this meeting, Struthers's union representative arrived, at which point Kubinski refused to allow the meeting to continue. (*Id.* ¶¶ 28-31.) On the evening of September 12, 2013, Struthers was informed by her union representative that if Struthers did not resign by 3:00 p.m. the next day, the School District would hold Struthers's teaching certificate, which would prevent her from getting another job. Defendants also threatened to report Struthers, who was going through a divorce and had temporary custody of her child, to the

2

Illinois Department of Children and Family Services (the "DCFS") for abuse. (*Id.* ¶¶ 32-33.)

Faced with these threats to her career and to the custody of her child, Struthers reluctantly tendered her resignation, which was accepted by the Board of Education for the School District on September 30, 2013. (*Id.* ¶ 34.) Plagued by false rumors spread by Defendants, Struthers was not able to find new employment in the education field until September 2014. (*Id.* ¶¶ 37-38.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint by citing the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must simply allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must also provide defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). However, a complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

Furthermore, a complaint can also fail to state a claim under Rule 12(b)(6) "[i]f the allegations of the complaint 'show that relief is barred by the applicable statute of limitations.'" *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008) (quoting *Jones v.*

*Bock*, 549 U.S. 199, 215 (2007)). A statute of limitations defense "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005)). While a complaint is not required to anticipate affirmative defenses and address them, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (citing *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)).

## ANALYSIS

*Counts III-IX: Struthers's State Law Claims*

Under Illinois's Local Governmental and Governmental Employees Tort Immunity Act, tort claims against a government entity or its employees must be commenced within one year from the date that "the injury was received or the cause of action accrued." 745 Ill. Comp. Stat. 10/8-101(a). In Counts III-IX, Struthers alleges state law claims for fraudulent misrepresentation, fraud in the inducement, defamation *per se*, tortious interference with contractual relations, civil conspiracy, and intentional infliction of emotional distress. Defendants argue that these state law claims are time-barred because Struthers filed her Complaint on September 30, 2014, more than a year after her resignation on September 13, 2013.

Struthers does not contest that her state law claims have a one-year statute of limitations but contends that she can demonstrate equitable estoppel against the School District. She argues that the School District committed an affirmative act by accepting her resignation and that she

"relied" on that act out of fear that the School District could hold her teaching certificate and interfere with her child's custody.

Struthers misunderstands the doctrine of equitable estoppel. "Equitable estoppel operates to suspend the running of the statute of limitations where the defendant has actively misled the plaintiff or somehow prevents the plaintiff from *suing* within the limitations period." *Reyes v. City of Chicago*, 585 F. Supp. 2d. 1010, 1015 (N.D. Ill. 2008) (emphasis added); *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990) (equitable estoppel applies where a defendant took "active steps to prevent the plaintiff from suing in time"). Struthers has made no allegations that Defendants actively sought to prevent her from filing a lawsuit. The School District's acceptance of her resignation was not an act that stopped Struthers from suing in time. Struthers's untimely claims are not saved by equitable estoppel. Therefore, Counts III-IX are dismissed with prejudice.

*Counts I and II*

Statute of Limitations

In Counts I and II, Struthers alleges claims for coerced resignation and for deprivation of occupational liberty interest, respectively, in violation of 42 U.S.C. § 1983. Defendants contend that these claims are also subject to a one-year statute of limitations provision and should be dismissed as untimely. Struthers responds that her § 1983 claims are subject to a two-year statute of limitations.

Claims arising under § 1983 are subject to the same statute of limitations for personal injury actions of the state in which the alleged constitutional violations occurred. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Seventh Circuit has repeatedly recognized that the applicable statute of limitations for Illinois is two years, as found in 735 Ill. Comp. Stat. § 5/13-

5

202. *See, e.g., Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) ("This circuit has consistently held that the appropriate statute of limitations for § 1983 cases filed in Illinois is two years as set forth in 735 ILCS § 5/13–202"); *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011); *Anderson v. Romero*, 42 F.3d 1121, 1124 (7th Cir. 1994).

Defendants argue that this Court should disregard the Seventh Circuit precedent and apply instead Illinois's one-year statute of limitations, found in 735 Ill. Comp. Stat. § 5/8-101. The Court declines to depart from the well-established law in this Circuit. The Court finds that Struthers's § 1983 claims are subject to the two-year statute of limitations, as found in 735 Ill. Comp. Stat. § 5/13-2, and, therefore, are timely.

Coerced Resignation Claim

To bring a § 1983 claim, a plaintiff must allege that a state or municipal actor, acting under color of law, violated a federal law or constitutional right and that the impermissible government action caused the denial of that right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Defendants argue that Struthers has failed to state a claim for coerced resignation in Count I because she has not sufficiently alleged a constitutional property interest in her continued employment.

"A property interest in continued employment 'can be created in one of two ways: 1) by an independent source such as state law securing certain benefits; or 2) by a clearly implied promise of continued employment.'" *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010) (quoting *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003)). In the context of public employees, the plaintiff must allege "a legitimate claim of entitlement not to lose a valuable governmental benefit except for cause" in order to support a due process claim. *Lee v. County of Cook*, 862 F.2d 139, 141 (7th Cir. 1988). Under Illinois law, non-tenured teachers do

6

not have a constitutional property interest in continued employment. *Harbaugh v. Bd. of Educ.*, 716 F.3d 983, 988 (7th Cir. 2013).

Although Struthers admits that she was not tenured, she argues that she has established a property interest based on her allegation of a contract with the School District. Where a plaintiff relies on a contract to establish a due process entitlement, she "must identify specific terms of the agreement that contained a promise of continued employment." *Palka*, 623 F.3d at 452 (affirming dismissal of coerced resignation due process claim) (internal citations omitted). Struthers has made no allegations that would support she had a promise of continued employment as a non-tenured teacher. *See Harbaugh*, 716 F.3d at 986 ("Illinois courts 'strictly construe' the teacher-tenure statutes because they replace the common-law principle of at-will employment and 'interfere with the responsibility of local boards to efficiently operate the educational systems.'") (quoting *Johnson v. Bd. of Educ.*, 423 N.E.2d 903, 906 (Ill. 1981)). Rather, Struthers's allegation is simply that she "signed a written contract regarding the terms of her employment." (Compl. ¶ 11.) This threadbare allegation is insufficient to establish a property interest to support Struthers's § 1983 claim. Consequently, Count I is dismissed for failure to state a claim.

## Deprivation of an Occupational Liberty Interest

An occupational liberty interest claim arises where a public employer stigmatizes the former employee "by making public comments impugning his good name, honor, or reputation or imposes a stigma that forecloses other employment opportunities." *Palka*, 623 F.3d at 454 (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 573-74 (1972)). To state a claim, Struthers must allege that: (1) Defendants "made stigmatizing comments" about her; (2) their comments were "publicly disclosed"; and (3) she suffered "a tangible loss of other employment opportunities as a

7

result of the public disclosure." *Id.* (internal citations omitted). The disclosure element requires that Defendants "actually disseminate the stigmatizing comments in a way that would reach potential future employers or the community at large." *Id.* (citing *Ratliff v. City of Milwaukee*, 795 F.2d 612, 627 (7th Cir. 1986). For example, in *Palka*, 623 F.3d at 454, the Seventh Circuit affirmed the dismissal of an occupational liberty interest claim under § 1983, where the false comments at issue were not publicly disclosed and not made to a potential future employer. The court noted that the "occupational-liberty claim requires 'that the circumstances made it virtually impossible for [the plaintiff] to find a new position in his chosen profession.'" *Id.* (quoting *Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1349 (7th Cir. 1995)); *see also Ratliff*, 795 F.2d at 627 (holding that there was no public disclosure and no constitutional violation where allegedly stigmatizing information was disseminated only internally and not to potential employers or the community at large).

Here, Struthers has not alleged any facts to support that Defendants disseminated stigmatizing information about her to the general public or future employers. Rather, she alleges Kubinski accused her of selling and buying drugs in front of only other School District administrators – Colyott and Carole Whitaker – and Struthers's union representative. (Compl. ¶¶ 1-22, 51-52.) Although she also alleges that several of her co-workers became aware of the accusations, she does not allege that Kubinski or Colyott disseminated that information. Struthers also states that she has been unable to secure employment "due in no small part to Defendants' publication to potential employers of the same or similar comments about Plaintiff." (Compl. ¶ 55.) This conclusory statement is unsupported by any factual allegations and is insufficient to establish publication. Because Struthers has failed to state a claim, Count II is also dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss [27, 32, 37] are granted. Counts I and II are dismissed without prejudice. Counts III-IX are dismissed with prejudice. Struthers is granted leave to amend her claims, if she can do so pursuant to Rule 11, within thirty days of this Order.

Date:   June 17, 2015

_____
JOHN W. DARRAH
United States District Court Judge