UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH STRUTHERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-cv-7632 |
| MINOOKA COMMUNITY HIGH SCHOOL DISTRICT NO. 111; JAMES COLYOTT; and DARCIE KUBINSKI , | ) Judge John W. Darrah ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sarah Struthers filed a Complaint, alleging various federal and state claims based on her resignation as a special education teacher, against Defendants, Minooka Community High School District Number 111 ("the School District"), James Colyott, and Darcie Kubinski. On June 17, 2015, Defendants' Motions to dismiss were granted. Plaintiff filed a Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(1) and 60(b)(6). For the reasons set forth below, Plaintiff's Motion [56] is denied.

## BACKGROUND

On December 1, 2014, Defendants filed Motions to Dismiss Plaintiff's Complaint. The Motions were granted, and Counts I and II were dismissed without prejudice. Counts III-IX were dismissed with prejudice, as Plaintiff filed her Complaint after the statute of limitations expired. Plaintiff was given leave to amend Counts I and II. Plaintiff filed this Motion for Reconsideration, requesting that the Court allow her to amend Counts III-IX, as well.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). To succeed on a Rule 59(e) motion, the movant must "clearly establish one of the aforementioned grounds for relief." *Harrington,* 433 F.3d at 546.

Under Rule 60(b)(1), a court may relieve a party from a final judgment or order based on, among other reasons, "mistake, inadvertence, surprise, or excusable neglect". Fed.R.Civ.P. 60(b)(1); *Musch v. Domtar Indus., Inc.,* 587 F.3d 857, 861 (7th Cir. 2009). "The movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

**ANALYSIS**

*Rule 59(e)*

Plaintiff argues in her Motion that the doctrine of equitable estoppel tolled the statute of limitations for her state law claims and that the Court's failure to take into account several allegations in the Complaint and misapplication of the law which resulted in manifest errors of law and fact.

As stated in the previous Order, "[e]quitable estoppel operates to suspend the running of the statute of limitations where the defendant has actively misled the plaintiff or somehow prevents the plaintiff from *suing* within the limitations period." *Reyes v. City of Chicago*,

585 F. Supp. 2d. 1010, 1015 (N.D. Ill. 2008) (emphasis added); *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990) (equitable estoppel applies where a defendant took "active steps to prevent the plaintiff from suing in time."). As in her Response to Defendants' Motions to Dismiss, Plaintiff makes no arguments that Defendants actively prevented her from filing this lawsuit. In fact, Plaintiff's argument is based solely on her fear that the School District could hold her teaching certificate and interfere with her custody matter. Again, these arguments are unpersuasive and an improper application of the doctrine of equitable estoppel.

*Rule 60(b)*

Plaintiff argues that under Rule 60(b) the term "excusable neglect" should be expanded to include her failure to file her Complaint within the statute of limitations for her state law claims. Plaintiff alleges that her ongoing custody matter, her depression and the nature of the claims against her rendered her unable to seek legal redress. Plaintiff further argues that there is no prejudice to Defendants because of the length of time between the filing date and the statute of limitations date (eleven days) and that she thought that her termination of employment was effective on September 30, 2013, the day she was informed of her termination, and not September 19, 2013, the day Defendants accepted Plaintiff's resignation.

Plaintiff had one year to file her state law claims, and even if she believed that her termination was effective on September 30, 2013, she still had over eleven months in which to file her claim. Further, Plaintiff's Motion acknowledges that she became aware she had claims against Defendants in mid-2014, a time period still within the statute of limitations. Plaintiff provides no support for her claims that she was incapacitated by mental illness and provides no argument that these claims, as well as any fear of Defendants' involvement in her custody

3

matter, qualifies as the "extraordinary circumstances" that would justify the reopening of this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration is denied.

Date:   December 10, 2015                              _____
                                                      JOHN W. DARRAH
                                                      United States District Court Judge