UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH STRUTHERS, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cv-7632 |
| v. ) | |
| ) | Judge John W. Darrah |
| MINOOKA COMMUNITY HIGH ) | |
| SCHOOL DISTRICT NO. 111; ) | |
| JAMES COLYOTT, an individual; and ) | |
| DARCIE KUBINSKI, an individual, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Sarah Struthers filed a nine-count Complaint, alleging various federal and state claims on her resignation as a special education teacher, against Defendants, Minooka Community High School District Number 111 ("the School District"), James Colyott and Darcie Kubinski (collectively, "Defendants"). Defendants moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On June 17, 2015, Defendants' Motion to Dismiss was granted, and Plaintiff was granted leave to amend Counts I and II of her complaint. Plaintiff then filed a Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(1) and 60(b)(6). On December 10, 2015, Plaintiff's Motion for Reconsideration was denied. On January 1, 2016, Plaintiff filed a First Amended Complaint ("FAC"), alleging breach of contract and coerced resignation in violation of 42 U.S.C. § 1983. Defendants filed this Motion to Dismiss the FAC, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. For the reasons discussed below, Defendants' Motion [66] is denied.

**BACKGROUND**

The following facts are drawn from the FAC and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff was employed as a special education teacher by the School District for the 2012-2013 and a portion of the 2013-2014 school years, until she resigned on September 13, 2014. (FAC ¶¶ 9-11, 34.) During all relevant times, Colyott was the School District superintendent, and Kubinski was the School District principal. (*Id*. ¶¶ 7-8.)

In March 2013, Plaintiff was informed that she was going to be subject to a reduction in force and terminated. Thereafter, Plaintiff's union representative informed the School District that the reduction in force they were proposing resulted in an illegal ratio of students and special education teachers. After Plaintiff's union opposed the reduction in force, the School District informed Plaintiff that she was being terminated for receiving a bad evaluation. Plaintiff's union representative again met with the School District, and it was determined that a mistake had been made and that Plaintiff was not being terminated. (*Id*. ¶¶ 12-15.)

In May 2013, Kubinski accused Plaintiff of assisting a student in cheating on a test. (*Id*. ¶ 16.) A written letter concerning the incident was issued to Plaintiff. (*Id*. ¶ 19.) In June 2013, Plaintiff learned she was being transferred to the School District's central campus without explanation for the move. (*Id*. ¶ 20.) On September 10, 2013, Plaintiff was again called to meet with Kubinski and, this time, was accused of engaging in drug and alcohol transactions with School District students, including a student whom Plaintiff employed as a babysitter for her minor child. (*Id*. ¶¶ 21-22.) Plaintiff denied these accusations. (*Id*. ¶ 24.) In addition to interviewing Plaintiff, Kubinski also interviewed the student-babysitter. (*Id*. ¶ 26.) By the following day, several of Plaintiff's colleagues had learned of the accusations. (*Id*. ¶ 27.)

On September 12, 2013, Plaintiff had another meeting with Kubinski and Colyott about the accusations. During the meeting, Plaintiff offered to take an immediate drug test, have her belongings at school searched, and have her house searched for any evidence. (*Id*. ¶ 29-30.) Kubinski refused to allow the meeting to continue when Plaintiff's union representative arrived. (*Id*. ¶ 31.) On the evening of September 12, 2013, Plaintiff alleges that she was informed by her union representative that if she did not resign by 3:00 p.m. the next day, the School District would hold her teaching certificate, which would prevent her from getting another job. Plaintiff also alleges that Defendants threatened to report Plaintiff, who was going through a divorce and had temporary custody of her child, to the Illinois Department of Children and Family Services (the "DCFS") for abuse. (*Id*. ¶¶ 32-33.) Plaintiff then tendered her resignation, which was accepted by the Board of Education for the School District on September 30, 2013. (*Id*. ¶¶ 34-35.) Plaintiff alleges that she was unable to find new employment in the education field until September 2014 because of rumors spread by Defendants. (*Id*. ¶¶ 37-38.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint by citing the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must simply allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must also provide defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). However, a complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must plead "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

*Count I: Violation of 42 U.S.C. § 1983 (Coerced Resignation)*

To bring a § 1983 claim, a plaintiff must allege that a state or municipal actor, acting under color of law, violated a federal law or constitutional right and that the impermissible government action caused the denial of that right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Defendants argue that Plaintiff has failed to state a claim for coerced resignation in Count One because she has not sufficiently alleged a constitutional property interest in her continued employment and also failed to establish that her resignation was coerced[1].

"A property interest in continued employment 'can be created in one of two ways: (1) by an independent source such as state law securing certain benefits; or (2) by a clearly implied promise of continued employment.'" *Palka v. Shelton*, 626 F.3d 447, 452 (7th Cir. 2010) (quoting *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003)). In the context of public employees, the plaintiff must allege "a legitimate claim of entitlement not to lose a valuable governmental benefit except for cause" in order to support a due process claim. *Lee v. County of Cook*, 862 F.2d 139, 141 (7th Cir. 1988). Under Illinois law, non-tenured teachers do

---

[1] Plaintiff argues in her Response to Defendants' Motion that Defendants waived their right to argue that she does not have a constitutionally protected property interest in continued employment because this defense or objection was available to them but omitted from their earlier motion. However, Defendants did make this argument in their previous Motion to Dismiss [27] and are not in violation of Federal Rule of Civil Procedure 12(g)(2).

4

not have a constitutional property interest in continued employment. *Harbaugh v. Bd. of Educ.*, 716 F.3d 983, 988 (7th Cir. 2013).

Although Plaintiff concedes that she was not tenured, she argues that she has established a property interest based on her contract with the School District. However, where a plaintiff relies on a contract to establish a due process entitlement, he or she "must identify specific terms of the agreement that contained a promise of continued employment." *Palka*, 623 F.3d at 452 (affirming dismissal of coerced resignation due process claim) (internal citation omitted). Plaintiff has not made any allegations that would support her contention that she had a promise of continued employment as a non-tenured teacher. *See Harbaugh*, 716 F.3d at 986 ("Illinois courts 'strictly construe' the teacher-tenure statutes because they replace the common-law principle of at-will employment and 'interfere with the responsibility of local boards to efficiently operate the educational systems.'") (quoting *Johnson v. Bd. of Educ.*, 423 N.E.2d 903, 906 (Ill. 1981)).

Plaintiff argues that under the contract, she "had an expectation that she would be employed through at least the summer of 2014, and possibly throughout the remainder of her career." (FAC ¶ 49.) This allegation is sufficient to establish a property interest to support Plaintiff's § 1983 claim. Furthermore, that Plaintiff is alleged to have resigned, rather than fired, must be considered in determining if her resignation was coerced as alleged. In cases involving claims of deprivation of property without due process of law, it is presumed that a resignation is voluntary unless the former employee can establish that it was involuntary. *See Walsh v. Chicago*, 712 F. Supp. 1303, 1308 (1989); *Alvarado v. Picur*, 859 F.2d 448, 453 (7th Cir. 1988); *Christie v. United States*, 518 F.2d 584, 587 (1975). A resignation is deemed to be involuntary when the former employee demonstrates that (1) he or she involuntarily accepted the terms of his

5

or her employer, (2) circumstances permitted no other alternative, and (3) the circumstances were the result of coercive acts of the employer. *Walsh*, 712 F. Supp. 1303, 1308 (quoting *Fruhauf Southwest Garment Co. v. United States*, 111 F. Supp. 945 (1953). "Coercion, or duress, may invalidate a resignation if, from the totality of the circumstances, it appears that the employer's conduct in requesting or obtaining the resignation effectively deprived the employee of free choice in the matter." *Graehling v. Vill. of Lombard*, No. 94 C 4084, 1994 WL 698525, at *8 (N.D. Ill. Dec. 12, 1994), *aff'd sub nom. Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295 (7th Cir. 1995).

Plaintiff pleads that she had no alternative except to resign because Defendants were holding her teaching certificate and because she had little time to obtain legal counsel and/or union representation. (FAC ¶ 52.) Plaintiff concedes that given more time to consider what Defendants were insisting and with the opportunity to consult counsel, Plaintiff would not have tendered her resignation. (FAC ¶ 53.) Construing all reasonable inferences in favor of Plaintiff, Plaintiff has sufficiently pled that Defendants' alleged actions in obtaining Plaintiff's resignation (offering her a choice between resigning or confronting a potential DCFS report and accusations against her) effectively deprived her of free choice. For purposes of Defendants' Motion to Dismiss, Plaintiff has sufficiently pled facts in her FAC to establish that she was coerced into resigning. Therefore, Defendants' Motion to Dismiss is denied as to Count I.

*Count II: Breach of Contract*

The elements of a breach-of-contract claim in Illinois are: "(1) the existence of a valid and enforceable contract, (2) performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resultant injury to the plaintiff." *Iron Range Capitan Partners, LLC v. Osprey Capital, LLC*, 2014 U.S. Dist. LEXIS 143551 at 14 (quoting *Coghlan v. Beck*, 984

6

N.E.2d 132, 143 (Ill. App. Ct. 2013)). Count Two alleges that Plaintiff had an employment contract, that she performed her obligations under the contract, and that it was breached by Defendants when "through its agents, it coerced her to resign to the term in the Contract." (FAC ¶¶ 56-58.) Plaintiff alleges that the contract was breached when Defendants failed to employ her for the 2013-2014 school year. As Plaintiff has sufficiently pled that her resignation was coerced, she has sufficiently pled that Defendants breached her employment contract. Accordingly, Defendants' Motion to Dismiss is also denied as to Count II.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [66] is denied.

Date: May 10, 2016

JOHN W. DARRAH
United States District Court Judge